## The State of Georgia *vs.* Capers.

Where, in a criminal case, the solicitor-general makes a motion, the object of which is to commit the defendant, or require him to give new bail, the decision of the court thereon is not reviewable by writ of error to this court at the instance of the state.

Criminal law.    Practice in the Supreme Court.    Before Judge Gibson.    Richmond Superior Court.    April Adjourned Term, 1878.

Reported in the opinion.

Salem Dutcher, solicitor-general, for plaintiff in error, cited Code §4727; 2 *Ga.*, 137; 58 *Ib.*, 196; 56 *Ib.*, 439; 24 *Ib.*, 392; 51 *Ib.*, 158; 58 *Ib.*, 341; Code, p. 945, rule 11; 4 *Ga.*, 329; Code, §§4011, 4026, 4742, 4743, 4747.

J. C. C. Black; S. F. Webb, by brief, for defendant, cited 2 *Kelly*, 139; 4 *Ga.*, 332.

Jackson, Justice.

This was a motion of the solicitor-general to require new bail.    The case had been continued, and the defendant was under bond to appear; the solicitor-general thought the bond insufficient and illegal, because the officers of court were the bail; the court held the bond legal.    Without passing upon that question, we think that this judgment of the superior court cannot be brought to this court for review, and we dispose of the case in that way.

Section 4251 of the Code declares that " either party in any civil cause, and the defendant in any *criminal proceeding*, in the superior courts of this state, may except," etc.

This is a criminal proceeding, and while the defendant might except the state cannot, because the statute does not authorize it, and we know of no law which does.    Besides, it is merely an interlocutory or ancillary proceeding towards getting the defendant to trial, and it is probable he will be there.    Should he not be present to await his trial, then on a proceeding for money, to forfeit this recognizance, the case can be made and reviewed here.    Therefore the judgment is affirmed, without regard to the merits of the point— though the point made has been ruled, we believe, with the court below.

Judgment affirmed.